USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                       :

HARRY ROLAND,                               :
                                  Plaintiff(s),    :
                                                      :       17 Civ. 2758 (LGS)
                     -against-                    :
                                                      :         <u>OPINION AND ORDER</u>
JOSEPH PONTE, *et al.*,                :
                                  Defendant(s). :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        Pro se Plaintiff Harry Roland brings this action against Defendants City of New York and former Commissioner Joseph Ponte under 42 U.S.C. § 1983, seeking damages for a violation of his constitutional rights -- in particular, for the failure to provide adequate meals -- while in the custody of the New York City Department of Correction ("DOC"). Defendants move for summary judgment. The motion is granted.

## I.     BACKGROUND

        The facts below are drawn from Defendants' Rule 56.1 Statement and other submissions on this motion, and are construed in favor of Plaintiff as the nonmoving party.[1] *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017).

###         A.        **Plaintiff's Diagnosis and Mucus-Less Diet**

        In February 2014, Plaintiff visited Dr. Konstantin Vaizman due to diarrhea and pain in his lower back and abdomen. Dr. Vaizman conducted a colonoscopy and endoscopy and determined

---

[1] Plaintiff did not respond to Defendants' Rule 56.1 statement, which ordinarily would be construed as a concession. However, given Plaintiff's pro se status and the instruction that "the submissions of a *pro se* litigant must be construed liberally," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam), the failure to respond is excused. *See also Lloyd v. Holder*, No. 11 Civ. 3154, 2013 WL 6667531, at *5 (S.D.N.Y. Dec. 17, 2013) ("Courts in this Circuit typically forgive a *pro se* plaintiff's failure to file a Local Rule 56.1 Statement, and generally conduct their own independent review of the record.").

that Plaintiff suffered from, among other ailments, colitis. Dr. Vaizman prescribed Omeprazole, which treats gastroesophageal reflux disease and ulcers. Plaintiff stopped taking Omeprazole because he did not like how it made him feel. Plaintiff did not continue to seek treatment from Dr. Vaizman because Plaintiff did not want to stay on medication for the remainder of his life.

In 2015, Plaintiff learned of the mucus-less diet proffered by Dr. Sebi, who is not a medical doctor. Plaintiff visited Dr. Sebi's website and watched his online videos but did not see Dr. Sebi in person. The mucus-less diet consists of avoiding foods that create mucus in the body. Plaintiff's preferred diet includes organic fruits with black seeds in it and excludes most manmade foods.

**B.  Incarceration**

Beginning in July 2016, Plaintiff was detained on Rikers Island in Otis Bantum Correctional Center ("OBCC"). Through August 2016, Plaintiff informed correction officers and supervisors of his special diet, and made grievances when he did not receive it. For example, on July 29, 2016, Plaintiff met with Lisa Choleff, D.O. Dr. Choleff noted that Plaintiff "state[d] that he does not have a gluten allergy, but does not eat meat of any kind, or dairy products due to them causing 'too much muc[]us in his body.'" Dr. Choleff also noted that Plaintiff saw a nutritionist that day. Plaintiff was placed on the Therapeutic Diet List at OBCC for July 28 through August 17, 2016, as "Gluten Free."

In late August 2016, Plaintiff was transferred to Brooklyn Detention Complex for approximately two weeks. At Brooklyn Detention Complex, Plaintiff saw Allen I. Walker, P.A., who noted that "[Plaintiff] state[d] allergy to wheat / [g]luten and is [v]egan does not eat meat poultry [s]ea [f]ood nor [d]airy." Walker noted that Plaintiff needed vegetarian meal replacements.

2

On September 6, 2016, Plaintiff returned to Rikers Island in Anna M. Kross Center. On September 7, 2016, Plaintiff was seen by Terry Gravsande, R.P.A. Gravesande requested that Plaintiff receive a vegan diet and that Plaintiff be added to the therapeutic diet list. After receiving vegan meals for several days, Plaintiff was placed in solitary confinement for fifteen days, where Plaintiff did not receive gluten free or vegan meals. While in solitary confinement, Plaintiff made complaints to DOC staff. On October 5, 2016, Plaintiff filed a grievance with DOC for the denial of vegan meals. On October 7, 2016, DOC answered Plaintiff's grievance by informing Plaintiff that the dietician "confirmed that she just received [Plaintiff]'s name and [Plaintiff] has been put on the list to receive a gluten free/vegetarian diet."

In late September 2016, Plaintiff was transferred to George R. Vierno Center and began to receive his requested diet on an irregular basis. Plaintiff complained to various DOC staff, who sometimes helped Plaintiff get his preferred meals.

On May 26, 2017, Plaintiff received a container marked "Gluten-free" that, according to both Plaintiff and a correction officer who checked Plaintiff's food, contained meat. Plaintiff filed a grievance on June 1, 2017. DOC staff said they would rectify the situation, but Plaintiff does not know if it was actually rectified.

Until August 2017, Plaintiff continued to receive breakfasts containing wheat. From July 2016 until August 2017, Plaintiff saw physicians and nurses, but no dietician.

Plaintiff receives food in containers marked gluten free and vegan. However, Plaintiff has not opened a gluten free container since May 2017. Plaintiff has not eaten any fruit or vegetables while incarcerated. Plaintiff asserts that the DOC should provide organic fruits and vegetables.

### C. Procedural History

On April 17, 2017, Plaintiff filed the instant action seeking $5,000,000 in damages. On March 30, 2018, Defendants moved for summary judgment. Plaintiff did not file an opposition.

## II. STANDARD

Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc.*, 875 F.3d at 113 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *See id.* When the movant has properly supported its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (alteration in original) (internal quotation marks omitted).

Where, as here, a party appears pro se, a court must construe "the submissions of a *pro se* litigant . . . liberally" and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted) (collecting cases); *Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015) (confirming *Triestman*'s approach to pro se litigants). Pro se status does not, however, "relieve [a non-movant] of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Dixon v. Zenk*, 361 F. App'x 218, 219–20 (2d Cir. 2010) (summary order); *accord*

4

*O'Callaghan v. Uber Corp. of Cal.*, No. 17 Civ. 2094, 2018 WL 3302179, at *5 (S.D.N.Y. Jul. 5, 2018). "Bald assertions by a pro se litigant, completely unsupported by evidence, are not sufficient to overcome a motion for summary judgment." *Harris v. City of New York*, No. 13 Civ. 7788, 2016 WL 427908, at *3 (S.D.N.Y. Feb. 3, 2016) (internal quotation marks omitted).

## III. DISCUSSION

### A. Defendant Ponte

The evidence in the record is insufficient for a reasonable jury to find Defendant Ponte personally liable.

"To prevail on a § 1983 claim, a plaintiff must establish (1) the violation of a right, privilege, or immunity secured by the Constitution or laws of the United States (2) by a person acting under the color of state law." *Simpson v. Town of Warwick Police Dep't*, 159 F. Supp. 3d 419, 430 (S.D.N.Y. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988) and *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57(1978)). "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (internal quotation marks omitted). Traditionally, personal involvement can be established in five ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (emphasis omitted) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).[2]

Although the Complaint names Defendant Ponte as a party, the record contains no evidence that implicates him. In his deposition, Plaintiff stated that he believed that by naming Defendant Ponte, Plaintiff would not have to name individual correction officers. Dkt. No. 35-1 at 73:18-74:11. Naming an individual a party -- without more -- is insufficient to establish personal involvement giving rise to direct liability. *See Schoon v. Berlin*, No. 7 Civ. 2900, 2011 WL 1085274, at *5 (S.D.N.Y. Mar. 23, 2011) (granting a motion to dismiss for failure to "allege any personal or supervisory involvement of any of the individual defendants" where the operative complaint was "devoid of any mention of [the individual] defendants" and contained "nothing . . . that could support an inference of liability with regard to any of the individual defendants"). Further, although a defendant may be liable "where unconstitutional acts are *the result* of a policy promulgated by the defendant," *Brock v. Wright*, 315 F.3d 158, 166 (2d Cir. 2003), to the extent that DOC Directive 3253R-A -- signed by Defendant Ponte -- is a policy DOC staff followed when providing Plaintiff his meals, for the reasons explained below, no unconstitutional acts

---

[2] The Second Circuit has yet to determine how *Iqbal* effects *Colon*. *See Grullo*, 720 F.3d at 139 (recognizing possible conflict among the cases); *see also Shaw v. Prindle*, 661 F. App'x 16, 18 n.2 (2d Cir. 2016) (summary order) ("[T]he Supreme Court's decision in *Ashcroft v. Iqbal* . . . may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations."). This issue is not presented and need not be addressed in this case because Plaintiff has failed to allege Defendant Ponte's personal involvement under any of the *Colon* categories. *See Ross v. Correct Care Sols. LLC*, No. 11 Civ. 8542, 2013 WL 5018838, at *5 (S.D.N.Y. Sept. 13, 2013) ("The Supreme Court's decision in *Iqbal,* which found that a supervisor can be held liable only 'through the official's own individual actions,' arguably casts doubt on the continued viability of some of the categories set forth in *Hastings on Hudson* and *Colon.* For the purposes of this case, however, it is not necessary to explore this issue because the complaint fails to plead that [the individual defendants] were personally involved under any of the *Hastings on Hudson* categories.") (internal citations omitted).

occurred. As a result, DOC Directive 3253R-A is not a basis to hold Defendant Ponte personally liable.

Defendants' motion for summary judgement is granted as to Defendant Ponte.

B.          **Other Potential Individual Defendants**

    1.      **Unconstitutional Conditions of Confinement -- Failure to Provide Adequate Nutrition**

Even if Plaintiff could amend his pleading to add as Defendants other individual DOC employees who played a role in his conditions of confinement as they pertain to his diet, such an effort would be futile as those conditions do not give rise to a constitutional violation. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("Leave to amend, though liberally granted, may be properly denied for . . . futility of amendment.") (internal quotation marks omitted); *accord Sanya Lanausse v. City of New York*, No. 15 Civ. 1652, 2016 WL 2851337, at *5 (S.D.N.Y. May 13, 2016) ("Although liberally granted, courts may properly deny leave [to amend a complaint] if to do so would be futile.").

A claim of unconstitutional conditions of confinement under the Fourteenth Amendment requires a detainee to satisfy a two-prong test. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). First, the detainee must satisfy the "objective prong" by "showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Id.* (citations omitted). Second, the detainee must satisfy the "'subjective prong' -- perhaps better classified as a '*mens rea* prong' or 'mental element prong' -- showing that the officer acted with at least deliberate indifference to the challenged conditions." *Id.* The "subjective prong" can be met by showing that the defendants actually knew about the condition and disregarded it, or that a reasonable person should have known about the danger and it was disregarded. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

For the following reasons, the evidence in the record fails to give rise to a triable issue of fact that the conduct of DOC staff regarding Plaintiff's diet created an unconstitutional condition of confinement.

### a. Objective Prong

"Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' . . . which includes the risk of serious damage to 'physical and mental soundness.'" *Darnell*, 849 F.3d at 30.[3] In making that evaluation, "[t]here is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Darnell*, 849 F.3d at 30 (citing *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)).

"The Eighth Amendment requires 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" *Willey v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)); *accord Roundtree v. City of New York*, No. 15 Civ. 8198, 2018 WL 1586473, at *8 (S.D.N.Y. Mar. 28, 2018). "[A]ssuming a diet's nutritional adequacy, prison officials have the discretion to control its contents." *Whitenack v. Armor Medical*, No. 13 Civ. 2071, 2013 WL 2356110, at *6 (E.D.N.Y. May 28, 2013) (quoting *Word v. Croce*, 169 F. Supp. 2d 219, 226 (S.D.N.Y. 2001)). "[A]bsent religious or medically peculiar circumstances, a prisoner does not have a right to a specialized diet while incarcerated, vegetarian or otherwise." *Whitenack*, 2013 WL 2356110, at *6 (quoting *Word*, 169 F. Supp. 2d at 226).

---

[3] The deliberate indifference objective prong is evaluated under the same standard for both the Eighth and Fourteenth Amendments. *Ackridge v. Aramark Corr. Food Servs.*, No. 16 Civ. 6301, 2018 WL 1626175, at *19 n.19 (S.D.N.Y. Mar. 30, 2018) (citing *Darnell*, 849 F.3d at 30).

Plaintiff does not allege that he was medically diagnosed with a condition necessitating a mucus-less diet, or that his dietary preference is religiously motivated. First, Plaintiff contends that prior to his incarceration, he adhered to a mucus-less diet on the advice of the teachings of Dr. Sebi. Plaintiff has not met Dr. Sebi in person, and Dr. Sebi is not a medical professional; rather, Plaintiff's mucus-less diet is self-prescribed. Second, Plaintiff does not allege any religious motivation behind his diet. Thus, Plaintiff has not established an objective deprivation. *Compare Hyman v. Nassau Cty. Corr. Facility*, No. 12 Civ. 5099, 2013 WL 182816, at *4 (E.D.N.Y. Jan. 15, 2013) (granting a motion to dismiss for failure to state a claim) ("Since plaintiff does not allege that he was deprived of a nutritionally adequate diet, nor that he was deprived of a medically indicated or religiously necessary diet, while incarcerated . . . , his mere disagreement with the portions and contents of the meals provided to inmates . . . does not rise to the level of a constitutional deprivation."), *with Willey*, 801 F.3d at 69 (diet of stale bread and rotten cabbage is sufficient to state a claim), and *Robles*, 725 F.2d at 16 (food contaminated with "dust, rocks, glass and human waste" is sufficient to state a claim).

### b. Subjective Prong

A pretrial detainee may satisfy the "subjective prong" in one of two ways. He may "prove that the defendant-official acted intentionally to impose the alleged condition," or, alternatively, he may prove that the defendant-official "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* "In other words, the 'subjective prong' (or '*mens rea* prong') of a deliberate indifference claim is defined objectively." *Id.*

In this case, even if Plaintiff had shown an objective deprivation, the record lacks evidence from which a reasonable jury could find that DOC officers acted intentionally or recklessly in responding to Plaintiff's requests. To the contrary, the record shows that DOC staff were responsive to his complaints. For example, after visits with medical staff, Plaintiff was placed on dietary restrictions lists in July 2016, August 2016 and September 2016. When Plaintiff complained about not receiving correct meals in October 2016, the DOC responded two days later and placed Plaintiff on the gluten free/vegetarian diet list. After that, Plaintiff contends that he received his preferred meals on an irregular basis. When he complained to DOC staff, Plaintiff sometimes received help getting his preferred meals. Plaintiff has continued to receive gluten free and vegan containers of food, but Plaintiff does not open containers marked gluten free. Though Plaintiff alleges that he did not see a dietician until August 2017, Plaintiff saw physicians and nurses at least three times before that. These actions foreclose the claim of deliberate indifference. *Wingate v. Gives*, 725 F. App'x 32, 36 (2d Cir. 2018) (summary order) ("[O]n the record presented, a reasonable jury could only find that defendants were not deliberately indifferent, as the medical records show that medical staff met with [the plaintiff] repeatedly about his dietary requests, issued prescriptions, and referred him to and worked with a dietician, and that dieticians met with him on numerous occasions."); *Smith v. Fischer*, 500 F. App'x 59, 61–62 (2d Cir. 2012) (summary order) ("Even if [plaintiff] had shown that the special meals provided by [defendant] represented a sufficiently serious danger to his health, [plaintiff] failed to show facts sufficient to demonstrate that [defendant] acted with deliberate indifference. It is undisputed that prison officials offered [plaintiff] access to special diets and arranged for him to meet with a registered dietician."); *McWillis v. Cty. of Orange*, No. 17 Civ. 4805, 2018 WL 3038497, at *4 (S.D.N.Y. June 19, 2018) (granting a motion to dismiss for failure to state a claim

10

where "the documents attached to plaintiff's complaint suggest [defendant] served plaintiff meals it considered consistent with his dietary restrictions, but plaintiff disagreed with [defendant]'s determination of what fell into that category"); *Mastroianni v. Reilly*, 602 F. Supp. 2d 425, 436 (E.D.N.Y. 2009) ("Based on the record, the Court finds that the diet provided to the plaintiff did not pose an imminent danger to his health and the responsiveness of [defendant] staff to the plaintiff's dietary needs raises no constitutional concerns with respect to his health needs.").

Plaintiff thus fails to present evidence giving rise to a triable issue of fact for either prong of the unconstitutional conditions of confinement test. A reasonable jury could not find that the acts of DOC staff who provided Plaintiff with his diet formed the basis of a constitutional violation.

### C. Defendant City of New York

Because Plaintiff has failed to show that the acts of DOC staff who affected Plaintiff's conditions of confinement -- in particular his diet -- constituted a constitutional violation, Defendant City of New York cannot be held liable. To hold a municipality liable for a constitutional violation under § 1983, a plaintiff must prove that "the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)); *accord Mitchell v. City of New York*, 841 F.3d 72, 80 (2d Cir. 2016). "[T]he City cannot be liable under *Monnell* where Plaintiff cannot establish a violation of his constitutional rights." *Askins v. Doe*, 727 F.3d 248, 253 (2d Cir. 2013) (internal quotation marks omitted). Defendants' motion for summary judgment as to Defendant City of New York is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 33, enter judgment in favor of Defendants, close the case and mail a copy of this Opinion and Order to pro se Plaintiff.

Dated: September 25, 2018
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**